# *Exhibit B*

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JOSE JUAN SOSA | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | Civil Action No. 5:21-cv-00075 |
| | § | |
| JORGE ALEJANDRO GONZALEZ | § | |
| RODRIGUEZ, TRANSPORTES DE CARGA | § | |
| FEMA, SA DE CV, AND SCHNEIDER | § | |
| NATIONAL, INC., | § | |
| *Defendants.* | § | |

## INDEX OF MATTERS BEING FILED

TO:   THE CLERK OF THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT
COURT OF TEXAS, LAREDO DIVISION

COMES NOW Defendant Schneider National, Inc. and attaches this Index of Matters

Being Filed to its Notice of Removal.

1.   Webb County Docket Report/Case History for Cause No. 2021CVA000990D1 (dated July 23, 2021);

2.   Plaintiff's Original Petition (filed on May 26, 2021);

3.   Defendant Schneider National, Inc.'s Original Answer and Request for Disclosure (filed on July 16, 2021); and

4.   Defendant Schneider National, Inc.'s First Amended Original Answer and Request for Disclosure (filed on July 23, 2021).

Respectfully submitted,

**CASTAGNA SCOTT L.L.P.**
1120 S. Capital of Texas Highway
Building 2, Suite 270
Austin, Texas 78746
512/329-3290
888/255-0132 fax


By: */s/ Lynn S. Castagna*
   Lynn S. Castagna
   Federal ID No. 21871
   State Bar No.  03980520
   Lynn@texasdefense.com

**ATTORNEYS FOR DEFENDANT**
**SCHNEIDER NATIONAL, INC.**


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon the following person(s), in the manner(s) indicated below:

   ***VIA FACSIMILE: 210/735-4167***
   ***And/or VIA E-MAIL***
   Andrew E. Toscano
   **GENE TOSCANO, INC**
   846 Culebra Road
   San Antonio, Texas 78201

and in accordance with the Federal Rules of Civil Procedure, on the 23rd day of July, 2021.


   */s/  Lynn S. Castagna*
   Lynn S. Castagna

Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search Back                    Location : All Courts    Help

# Register of Actions
### Case No. 2021CVA000990D1

| | | | |
|---|---|---|---|
| JOSE JUAN SOSA VS. JORGE ALEJANDRO GONZALEZ RODRIGUEZ,TRANSPORTES DE CARGA FEMA, S.A. DE CV,SCHNEIDER NATIONAL INC | §<br>§<br>§<br>§<br>§ | Case Type:<br>Subtype:<br>Date Filed:<br>Location: | Injury or Damage - Motor Vehicle (DC)<br>Motor Vehicle Accident (DC)<br>05/26/2021<br>--49th District Court |

---

### Party Information

| | | Attorneys |
|---|---|---|
| Defendant | GONZALEZ RODRIGUEZ, JORGE ALEJANDRO | |
| Defendant | SCHNEIDER NATIONAL INC | LYNN S CASTAGNA<br>*Retained*<br>512-329-3290(W) |
| Defendant | TRANSPORTES DE CARGA FEMA, S.A. DE CV | |
| Plaintiff | SOSA, JOSE JUAN | ANDREW E TOSCANO<br>*Retained*<br>2107326091 x2107354167(W) |

---

### Events & Orders of the Court

**OTHER EVENTS AND HEARINGS**

05/26/2021 **Civil Case Filed (OCA)**
05/26/2021 **Original Petition**
    *PLAINTIFF'S ORIGINAL PETITION AND DISCOVERY REQUESTS*
05/26/2021 **Jury Demand**
    *JURY DEMAND PAID BY ATTORNEY ANDREW E TOSCANO.*
05/26/2021 **Calendar Call**
    *CALENDAR CALL FAXED TO ATTORNEY ANDREW E TOSCANO. (DGC)*
05/26/2021 **Notes-Miscellaneous**
    *BILL SHEET FAXED TO ATTORNEY ANDREW E TOSCANO. (DGC)*
05/26/2021 **Citation-Issuance**
    *NO CITATIONS ISSUED AT THIS TIME DUE TO SHORTAGE ON PAYMENT. (DGC)*
05/27/2021 **Atty Request - Miscellaneous**
    *LETTER RE: PAYMENT FOR ISSUANCE*
05/28/2021 **Citation-Issuance**
    *(3) CITATIONS ISSUED AS TO JORGE ALEJANDRO GONZALEZ RODRIGUEZ AND BEING HELD BY CLERK PENDING SELF ADDRESSED STAMPED ENVELOPE RECEIVED ENVELOPE AND SUBMITTED CITATION ON 06/04/21 (JB)*
05/28/2021 **Citation**
    GONZALEZ RODRIGUEZ, JORGE ALEJANDRO        Unserved
05/28/2021 **Citation-Issuance**
    *(3) CITATIONS ISSUED AS TO TRANSPORTES DE CARGA FEMA, S.A. DE CV AND BEING HELD BY CLERK PENDING SELF ADDRESSED STAMPED ENVELOPE. RECEIVED ENVELOPE AND SUBMITTED CITATION ON 06/04/21 (JB)*
05/28/2021 **Citation**
    TRANSPORTES DE CARGA FEMA, S.A. DE CV        Unserved
05/28/2021 **Citation-Issuance**
    *(3) CITATIONS ISSUED AS TO SCHNEIDER NATIONAL, INC. AND BEING HELD BY CLERK PENDING SELF ADDRESSED STAMPED ENVELOPE. RECEIVED ENVELOPE AND SUBMITTED CITATION ON 06/04/21 (JB)*
05/28/2021 **Citation**
    SCHNEIDER NATIONAL INC        Unserved
06/04/2021 **Letter**
    *LETTER RE: SELF ADDRESSED STAMPED ENVELOPE FOR ISSUANCE.*
07/16/2021 **Answer-Defendant**
    *DEFENDANT SCHNEIDER NATIONAL, INC. S ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE EFILED BY ATTORNEY LYNNE CASTAGNA. JURY FEE PAID*
07/23/2021 **Answer-Amended**
    *DEFENDANT SCHNEIDER NATIONAL, INC. S FIRST AMENDED ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE*
08/03/2021 **Calendar Call** (1:30 PM) (Judicial Officer Lopez, Jose A.)

Fi
5/26/2021 12:27 I
Esther Degolla
District Cl
Webb Dist
Dyana Cue
2021CVA000990

2021CVA000990D1

CAUSE NO. _____

| | | |
|---|---|---|
| JOSE JUAN SOSA | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| JORGE ALEJANDRO GONZALEZ | § | |
| RODRIGUEZ, TRANSPORTES | § | |
| DE CARGA FEMA, S.A. DE C.V., | § | |
| and SCHNEIDER NATIONAL, INC. | § | |
| Defendants. | § | WEBB COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND DISCOVERY REQUESTS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **JOSE JUAN SOSA**, Plaintiff, complaining of **JORGE ALEJANDRO GONZALEZ RODRIGUEZ, TRANSPORTES DE CARGA FEMA, S.A. DE C.V.,** and **SCHNEIDER NATIONAL, INC.,** Defendants, and for cause of action would respectfully show as follows:

### I.  DISCOVERY CONTROL PLAN

Plaintiff intends that discovery be conducted under Level 3.

### II.  PARTIES

Plaintiff, **JOSE JUAN SOSA,** is an individual who resides in Webb County, Texas. He is a citizen of the United States of America and is granted Texas Driver's License ending in 5889.

Defendant, **JORGE ALEJANDRO GONZALEZ RODRIGUEZ,** is a resident and citizen of the country of Mexico.  He does not maintain a regular place of residence or

1

business in Texas. **Service is requested upon the Texas Secretary of State** at Service of Process, Secretary of State, Post Office Box 12079, Austin, Texas 78711-2079, for service on Defendant at <u>19121 Av Eva Samano Norte, Nuevo Laredo, Mexico</u>. pursuant to Texas Civil Practice & Remedies Code §17.044 commonly known as the Texas Longarm Statute. .

      **TRANSPORTES DE CARGA FEMA, SA DE CV**, is a Mexican corporation that regularly transacts business in the United States of American and specifically in Webb County, Texas. **Service is requested upon the Texas Secretary of State** at Service of Process, Secretary of State, Post Office Box 12079, Austin, Texas 78711-2079, for service on Defendant at <u>Carretera Aeropuerto a Piedras Negras Kilometro 0.440, La Concordia, 88294 Nuevo Laredo, Tamps, Mexico</u> pursuant to Tex. Civ. P. & Rem. Code §17.044 commonly known as the Texas Longarm Statute.

      **SCHNEIDER NATIONAL, INC.**, is a corporation that regularly transacts business in the United States of American and specifically in Webb County, Texas. **Service is requested upon the Texas Secretary of State** at Service of Process, Secretary of State, Post Office Box 12079, Austin, Texas 78711-2079, for service on Defendant at <u>3101 Packerland Dr., Green Bay, WI 54306</u> pursuant to Tex. Civ. P. & Rem. Code §17.044 commonly known as the Texas Longarm Statute.

## III. JURISDICTION & VENUE

      Venue is proper within Webb County, Texas, pursuant to §15.002(a) of the Texas Civil Practice & Remedies Code since all or a substantial part of the events, acts and/or

omissions giving rise to this lawsuit occurred in this county.  This Court has jurisdiction over the subject matter, parties and the amount in controversy.

## IV. FACTS

On or about June 5, 2019, **JOSE JUAN SOSA,** Plaintiff was traveling Northbound on the 14200 block of FM 1472 in Laredo, Webb County, Texas, when **JORGE ALEJANDRO GONZALEZ RODRIGUEZ,** Defendant, an agent of Defendants, **TRANSPORTES DE CARGA FEMA, S.A. DE C.V.** and/or **SCHNEIDER NATIONAL, INC.,** backed without safety and collided with Plaintiff's vehicle, causing his injuries and damages.

## V. NEGLIGENCE OF THE DEFENDANT-DRIVER

Said accident was proximately caused by various negligent acts and/or omissions on the part of Defendant, JORGE ALEJANDRO GONZALEZ RODRIGUEZ.   The negligent acts and/or omissions include, but are not limited to, the following:

1. Faulty evasive action;
2. Failing to maintain a proper look out;
3. Failing to yield the right of way;
4. Failing to control speed;
5. Colliding into Plaintiff;
6. Backing without safety;
7. Failing to timely apply the brakes of the vehicle;
8. Failing to keep the vehicle under such control as an ordinary prudent person in the exercise of ordinary care would have operated and controlled his vehicle under the same or similar circumstances; and
9. Any and all other negligent acts and/or omissions to be proven at trial.

3

Each and every one of the foregoing acts and/or omissions, taken separately and/or collectively, constitutes a direct and proximate cause of the injuries and damages below.

## VI. GROSS NEGLIGENCE OF DEFENDANT-DRIVER

Plaintiff incorporates paragraphs IV. & V. herein. Defendant's actions constituted a heedless, conscious disregard and indifference to the rights, welfare and safety of those persons to be affected thereby and Plaintiff. Plaintiff alleges that paragraphs IV. & V. constitute gross negligence entitling Plaintiff to an award of punitive damages against Defendant, pursuant to Tex. Civ. Prac. & Rem. Code Ch. 41 in a sum to be determined fair and reasonable by a jury.

## VII. NEGLIGENCE OF DEFENDANT-CORPORATIONS

Said accident was proximately caused by various negligent acts and/or omissions on the part of Defendants, **TRANSPORTES DE CARGA FEMA, S.A. DE C.V.** and/or **SCHNEIDER NATIONAL, INC.** The negligent acts and/or omissions include, but are not limited to, the following:

1. Failing to train their drivers;
2. Hiring drivers without the proper qualifications and training;
3. Improperly supervising their agent-drivers;
4. Creating an environment that allows its drivers to believe that it is advisable and proper to back up in front of approaching traffic without proper warning and in contravention to the law;
5. Entrusting their vehicles to incompetent, dangerous drivers;
6. Failing to operate their trucking business as an ordinary prudent trucking business owner in the exercise of ordinary care would have operated and controlled their business under the same or similar circumstances; and
7. Any and all other negligent acts and/or omissions to be proven at trial.

4

Each and every one of the foregoing acts and/or omissions, taken separately and/or collectively, constitutes a direct and proximate cause of the injuries and damages below.

## VIII. RESPONDEAT SUPERIOR

Plaintiff states that the actions/inactions taken by the Defendant driver were taken in the course and scope of his agency, employment or at the direction of the Defendant-Corporations sufficient to invoke the Texas legal concept of respondeat superior and Plaintiff alleges that all actions taken by the driver are imputed to the corporations pursuant to said legal principal.

## IX. DAMAGES

As a direct, producing and proximate result of the Defendants' conduct as herein alleged, Plaintiff suffered personal injury to his neck, back, and body generally. Consequently, Plaintiff sues for the following elements of damage:

a. Physical pain and mental anguish which he has suffered in the past and which he will in all reasonable probability continue to suffer from in the future;

b. Physical impairment and disfigurement which he has suffered in the past and which he will in all reasonable probability continue to suffer from in the future;

c. Loss of income and earning capacity that he has suffered in the past and that he will in all reasonable probability continue to suffer from in the future; and

d. Reasonable and necessary medical expenses incurred in the past and that he will in all reasonable probability incur in the future.

Plaintiff alleges that these sums, taken cumulatively, are well in excess of the minimum jurisdictional limits of this Court for which Defendants should be made to pay. Plaintiff seeks monetary relief of over $250,000 but less than $1,000,000.

5

## X. NOTICE OF DEMAND FOR PRESERVATION

This notice is to formally demand preservation of any evidence related to the subject incident, inclusive of but not limited to documents and items responsive to Plaintiff's Discovery Requests. If you fail to properly secure and preserve these important pieces of evidence, there will be a legal presumption that the evidence would have been harmful to your side of the case. If you fail to preserve and maintain this evidence, we will seek any sanctions available under the law. The destruction/ alternation, or loss of any evidence be maintained and preserved and not be destroyed, modified, altered, repaired, or changed in any manner. WE REQUEST THAT YOU IMMEDIATELY PRINT AND SAVE ON PAPER ALL OF THE ELECTRONIC RECORDS REQUESTED HEREIN AND IN ALL FUTURE REQUESTS, IN ADDITION TO ELECTRONICALLY PRESERVING ALL ELECTRONIC RECORDS.

## XI. NOTICE OF SELF-AUTHENTICATION

Pursuant to Rule 193.7 of the Texas Rules of Civil procedure, Defendants are hereby noticed that the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

## XII. PRIVILEGE LOG REQUEST

If Defendants seek to exclude from discovery any information, documents or tangible things herein sought by claiming that material or information otherwise responsive to this written discovery is privileged, please consider this document to be

6

Plaintiff's request for a privilege log that generally identifies and/or describes the withheld information, documents, or tangible things pursuant to the Tex. R. Civ. P.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that, upon final trial, he recovers a judgment against Defendants for damages in excess of the minimum jurisdictional limits of the Court, pre-and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which he shows himself to be justly entitled.

Respectfully submitted,

**GENE TOSCANO, INC.**
846 Culebra Road
San Antonio, Texas 78201
Telephone: 210/732.6091
Telecopier: 210/735.4167

By:    /s/ Andrew E. Toscano
       ANDREW E. TOSCANO
       State Bar No. 00786832
       atoscano@genetoscano.com

ATTORNEYS FOR PLAINTIFF

7

Filed
7/16/2021 12:46 PM
Esther Degollado
District Clerk
Webb District
Veronica Madrigal
2021CVA000990D1

CAUSE NO. 2021CVA000990D1

| | | |
|---|---|---|
| JOSE JUAN SOSA | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| V. | § | 49TH JUDICIAL DISTRCT |
| | § | |
| JORGE ALEJANDRO GONZALEZ | § | |
| RODRIGUEZ, TRANSPORTES DE CARGA | § | |
| FEMA, SA DE CV, AND SCHNEIDER | § | |
| NATIONAL, INC. | § | |
| *Defendants.* | § | WEBB COUNTY, TEXAS |

## DEFENDANT SCHNEIDER NATIONAL, INC.'S
## ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE

TO THE HONORABLE COURT:

COMES NOW Defendant Schneider National, Inc. and files its Original Answer and Request for Disclosure, and as grounds for such would respectfully show unto the Court as follows:

## I.
## GENERAL DENIAL

1.     The TEXAS RULES OF CIVIL PROCEDURE and, in particular Rule 92, affords citizens and corporations of this state certain protections with respect to lawsuits of this type. Accordingly, Defendant invokes the provisions of that rule and does generally deny the allegations now made against it by the Plaintiff and his attorney.

2.     At any trial of this cause, Defendant will exercise its legal rights in this regard and require Plaintiff to carry the burden of proof, which the law imposes upon him to prove each and every material allegation contained in his pleadings by a preponderance of the credible evidence.

## II.
## <u>DEFENSES</u>

3.     Defendant would show that Plaintiff's alleged injuries and damages were proximately caused by his own negligent conduct, both of omission and commission, in one or more of the following respects:

    (a)     Failing to maintain an assured clear distance between vehicles;
    (b)     Faulty evasive action; and
    (c)     Failing to keep a proper lookout.

Each of these acts and/or omissions, singularly or in combination with the others, constituted negligence and negligence per se which proximately caused the occurrence made the basis of Plaintiff's action and all damages alleged in this case.

4.     Defendant would show that Plaintiff's damages, if any, were proximately caused by preexisting or subsequent physical conditions and medical conditions and/or accidents.

5.     As to medical expenses, only the amount actually paid and/or incurred by Plaintiff is recoverable by Plaintiff in this lawsuit.  TEX. CIV. PRAC. & REM. CODE SECTION 41.0105.  Any amount that is discounted, written off, or adjusted following contribution of a third party payor (including but not limited to Medicaid, Medicare or by Managed Care Administrator) is not an amount that is "paid or incurred," and should not be submitted to the jury or included in any economic damage award.

6.     Plaintiff's damages with respect to loss of earnings and/or loss of earning capacity, if any, are limited to a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law as set forth in §18.091 of the TEXAS PRACTICE & REMEDIES CODE.

7.     In addition, Defendant Schneider National, Inc. has been incorrectly sued and is not liable in the capacity in which it has been sued.

## III.
## REQUEST FOR DISCLOSURE

8.      Pursuant to Tex. R. Civ. P. 194, Plaintiff is hereby requested to disclose within 30 days after service of this Original Answer and Request for Disclosure, the information or material listed in Rule 194.2, with such information or material to be produced at Castagna Scott LLP, 1120 S. Capital of Texas Highway, Building 2, Suite 270, Austin, Texas 78746.

## IV.
## JURY DEMAND

9.      Defendant Schneider National, Inc. demands a trial by jury and tenders its jury fee.

## V.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Schneider National, Inc. prays that upon final hearing hereof that Plaintiff takes nothing by way of his causes of action against Defendant Schneider National, Inc., that costs of court be assessed against Plaintiff, and for such other and further relief to which Defendant Schneider National, Inc. may show itself justly entitled, either at law or in equity.

Respectfully submitted,

**CASTAGNA SCOTT LLP**
1120 S. Capital of Texas Highway
Building 2, Suite 270
Austin, Texas 78746
512/329-3290
888/255-0132 fax

By: _Lynn A. Castagna_
Lynn S. Castagna
State Bar No. 03980520
Lynn@texasdefense.com
Daryl R. Hayes
State Bar No. 00790844
Daryl@texasdefense.com

**ATTORNEYS FOR DEFENDANT
SCHNEIDER NATIONAL, INC.**

## **VERIFICATION**

STATE OF TEXAS §

§

COUNTY OF TRAVIS §

BEFORE ME, the undersigned Notary Public, on this day personally appeared Lynn S. Castagna, a person known to me, who after being duly sworn stated under oath that she is one of the attorneys of record in this cause; that she has read the foregoing Original Answer; and that every statement contained in it is true and correct to the best of her knowledge.

Lynn S. Castagna

SUBSCRIBED AND SWORN TO before me on this the 16ᵀᴴ day of July, 2021.

Notary Public - State of Texas

KRYSTAL DOLLINGER
Notary Public, State of Texas
Comm. Expires 06-22-2023
Notary ID 128647632

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that a true and correct copy of the foregoing document has been served upon the following person(s), in the manner(s) indicated below:

*<u>VIA FACSIMILE: 210/735-4167</u>*
*<u>And/or VIA E-SERVICE</u>*
Andrew E Toscano
GENE TOSCANO, INC
846 Culebra Road
San Antonio, Texas 78201

and in accordance with the Texas Rules of Civil Procedure, on the 16th day of July, 2021.

Lynn S. Castagna

Filed
7/23/2021 8:38 AM
Esther Degollado
District Clerk
Webb District
Veronica Madrigal
2021CVA000990D1

CAUSE NO. 2021CVA000990D1

| | | |
|---|---|---|
| JOSE JUAN SOSA | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| V. | § | 49TH JUDICIAL DISTRCT |
| | § | |
| JORGE ALEJANDRO GONZALEZ | § | |
| RODRIGUEZ, TRANSPORTES DE CARGA | § | |
| FEMA, SA DE CV, AND SCHNEIDER | § | |
| NATIONAL, INC. | § | |
| *Defendants.* | § | WEBB COUNTY, TEXAS |

### DEFENDANT SCHNEIDER NATIONAL, INC.'S FIRST AMENDED ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE

TO THE HONORABLE COURT:

COMES NOW Defendant Schneider National, Inc. and files its First Amended Original Answer and Request for Disclosure, and as grounds for such would respectfully show unto the Court as follows:

### I.
### GENERAL DENIAL

1.    The TEXAS RULES OF CIVIL PROCEDURE and, in particular Rule 92, affords citizens and corporations of this state certain protections with respect to lawsuits of this type. Accordingly, Defendant invokes the provisions of that rule and does generally deny the allegations now made against it by the Plaintiff and his attorney.

2.    At any trial of this cause, Defendant will exercise its legal rights in this regard and require Plaintiff to carry the burden of proof, which the law imposes upon him to prove each and every material allegation contained in his pleadings by a preponderance of the credible evidence.

## II.
## <u>DEFENSES</u>

3.     Defendant would show that Plaintiff's alleged injuries and damages were proximately caused by his own negligent conduct, both of omission and commission, in one or more of the following respects:

(a)     Failing to maintain an assured clear distance between vehicles;
(b)     Faulty evasive action; and
(c)     Failing to keep a proper lookout.

Each of these acts and/or omissions, singularly or in combination with the others, constituted negligence and negligence per se which proximately caused the occurrence made the basis of Plaintiff's action and all damages alleged in this case.

4.     Defendant would show that Plaintiff's damages, if any, were proximately caused by preexisting or subsequent physical conditions and medical conditions and/or accidents.

5.     As to medical expenses, only the amount actually paid and/or incurred by Plaintiff is recoverable by Plaintiff in this lawsuit.  TEX. CIV. PRAC. & REM. CODE SECTION 41.0105.  Any amount that is discounted, written off, or adjusted following contribution of a third party payor (including but not limited to Medicaid, Medicare or by Managed Care Administrator) is not an amount that is "paid or incurred," and should not be submitted to the jury or included in any economic damage award.

6.     Plaintiff's damages with respect to loss of earnings and/or loss of earning capacity, if any, are limited to a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law as set forth in §18.091 of the TEXAS PRACTICE & REMEDIES CODE.

7.     In addition, Defendant Schneider National, Inc. has been incorrectly sued and is not liable in the capacity in which it has been sued.

8.      Further, Defendant Schneider National, Inc. would show that the Court does not have personal jurisdiction over Defendant Schneider National, Inc.

### III.
### REQUEST FOR DISCLOSURE

9.      Pursuant to Tex. R. Civ. P. 194, Plaintiff is hereby requested to disclose within 30 days after service of this Original Answer and Request for Disclosure, the information or material listed in Rule 194.2, with such information or material to be produced at Castagna Scott LLP, 1120 S. Capital of Texas Highway, Building 2, Suite 270, Austin, Texas 78746.

### IV.
### JURY DEMAND

10.      Defendant Schneider National, Inc. has demanded a trial by jury and has tendered its jury fee.

### V.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Schneider National, Inc. prays that upon final hearing hereof that Plaintiff takes nothing by way of his causes of action against Defendant Schneider National, Inc., the lawsuit be dismissed, that costs of court be assessed against Plaintiff, and for such other and further relief to which Defendant Schneider National, Inc. may show itself justly entitled, either at law or in equity.

Respectfully submitted,

**CASTAGNA SCOTT LLP**
1120 S. Capital of Texas Highway
Building 2, Suite 270
Austin, Texas 78746
512/329-3290
888/255-0132 fax


By: _____
    Lynn S. Castagna
    State Bar No. 03980520
    Lynn@texasdefense.com
    Daryl R. Hayes
    State Bar No. 00790844
    Daryl@texasdefense.com

**ATTORNEYS FOR DEFENDANT
SCHNEIDER NATIONAL, INC.**

## **VERIFICATION**

STATE OF TEXAS          §
                        §
COUNTY OF TRAVIS        §

BEFORE ME, the undersigned Notary Public, on this day personally appeared Lynn S. Castagna, a person known to me, who after being duly sworn stated under oath that she is one of the attorneys of record in this cause; that she has read the foregoing Original Answer; and that every statement contained in it is true and correct to the best of her knowledge.

Lynn S. Castagna

SUBSCRIBED AND SWORN TO before me on this the **23rd** day of July, 2021.

Notary Public - State of Texas

KRYSTAL DOLLINGER
Notary Public, State of Texas
Comm. Expires 06-22-2023
Notary ID 128647632

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon the following person(s), in the manner(s) indicated below:

**_VIA FACSIMILE: 210/735-4167_**
**_And/or VIA E-SERVICE_**
Andrew E Toscano
GENE TOSCANO, INC
846 Culebra Road
San Antonio, Texas 78201

and in accordance with the Texas Rules of Civil Procedure, on the 23rd day of July, 2021.

Lynn S. Castagna

*Defendant Schneider National, Inc.'s 1st Amended Original Answer & RFD*